# EXHIBIT A

## SUMMONS - CIVIL
JD-CV-1 Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov



See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 20 Franklin Square, New Britain, CT 06051 | (860) 515-5080 | January 23, 2018 |

| ☒ Judicial District  ☐ Housing Session | ☐ G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) New Britain | Case type code (See list on page 2) Major: M   Minor: 90 |
|---|---|---|---|

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114 | 419987 |

| Telephone number (with area code) (860) 296-3457 | Signature of Plaintiff (If self-represented) | | |
|---|---|---|---|
| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☐ Yes  ☒ No | Email address for delivery of papers under Section 10-13 (if agreed to) | |

Number of Plaintiffs: 1    Number of Defendants: 1    ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Kaitlynn Tassie  Address: 236 Thistle Lane, Southington, CT 06489 | P-01 |
| Additional Plaintiff | Name:  Address: | P-02 |
| First Defendant | Name: Kindercare Education, LLC  Address: 650 NE Holladay Street, Suite 1400, Portland, OR 97232 | D-01 |
| Additional Defendant | Name: Agent: Corp. Service Co., 50 Weston Street, Hartford, CT 06120  Address: | D-02 |
| Additional Defendant | Name:  Address: | D-03 |
| Additional Defendant | Name:  Address: | D-04 |

### Notice to Each Defendant

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) [signature] | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Name of Person Signing at Left Michael J. Reilly | Date signed 12/14/2017 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

**For Court Use Only**
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

| | |
|---|---|
| RETURN DATE: JANUARY 23, 2018 : | SUPERIOR COURT |
| KAITLYNN TASSIE : | JUDICIAL DISTRICT |
| V. : | OF NEW BRITAIN |
| KINDERCARE EDUCATION, LLC : | DECEMBER 14, 2017 |

## COMPLAINT

1. The Plaintiff, Kaitlynn Tassie, was at all times set forth herein a resident of the Town of Southington, State of Connecticut.

2. The Defendant, Kindercare Education, LLC, is a Delaware corporation that operates a number of childcare facilities throughout the State of Connecticut.

3. Beginning on or around January 13, 2014, the Plaintiff was employed by the Defendant at its Rocky Hill, Connecticut business location, in the position of Director.

4. The Defendant employs more than 50 persons within 75 miles of its Hartford, Connecticut business locations.

5. In or around May of 2016, the Plaintiff's husband was involved in a serious car accident that caused him to suffer a number of serious injuries requiring continuous medical treatment.

6. Plaintiff applied for intermittent leave under the Family and Medical Leave Act ("FMLA") to care for her husband and attend doctor's appointments with him.

7. Thereafter, over the ensuing months, Plaintiff utilized intermittent leave on a number of occasions for the foregoing reasons.

8. On August 28, 2017, the Defendant hired a second Director for its Rocky Hill business location and assigned the Plaintiff to train this new Director.

9. Concerned that she was going to be replaced, the Plaintiff approached her District Manager, Dawn Silvestri and asked her if the Defendant was planning to replace her employment.

10. In response, Ms. Silvestri stated, "No you are doing a great job. Keep on doing what you are doing."

11. Approximately two weeks later, on September 14, 2017, the Plaintiff was called in for a meeting with Ms. Silvestri.

12. In the meeting, Ms. Silvestri presented the Plaintiff with three options relative to her employment: resign from the company, go on a performance improvement plan, or take a severance package.

13. Plaintiff had never been made aware of any performance issues prior to this meeting, and in fact, Ms. Silvestri did not provide any reason for placing the Plaintiff on a performance improvement plan or any details about what such a plan would entail.

14. At the conclusion of the meeting on September 14, 2017, the Plaintiff was sent home early before the conclusion of the work day and further instructed to stay home the next day, Friday, September 15, 2017.

15. The Plaintiff was instructed that she would have to make her decision as to the three options it presented by Monday, September 18, 2017.

16. When the Plaintiff arrived to work on the morning of September 18, 2017, she was called into another meeting with Ms. Silvestri.

17. In this meeting, Ms. Silvestri pressured the Plaintiff to accept the severance agreement.

18. When Plaintiff indicated that she needed additional time to consider her options.

2

19. In response, Ms. Silvestri sent the Plaintiff home and told her not to return back to work.

20. Thereafter, on October 4, 2017, Plaintiff received a letter from the Defendant indicating that her employment had been terminated.

**COUNT ONE:** Interference in violation of the Family Medical Leave Act, 29 U.S.C. § 2612 *et seq.*

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 20 above as Paragraphs 1 through 20 of this First Count, as if fully set forth herein.

21. The Plaintiff took intermittent FMLA leave for her husband's qualifying medical condition.

22. The Defendant terminated Plaintiff's employment as a means of preventing her from taking further intermittent leave and failed to restore her to her positions after her use of protected leave.

23. As a result of the Defendant's actions, the Plaintiff has suffered a loss of compensation, including lost wages and lost employment benefits.

24. Furthermore, as a result of the Defendant's actions, as aforesaid, the Plaintiff has expended, or will expend, attorney's fees and costs.

**COUNT TWO:** Retaliation in violation of the Family Medical Leave Act 29 U.S.C. § 2612 *et seq.*

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 20 above as Paragraphs 1 through 20 of this Second Count, as if fully set forth herein.

21. The Plaintiff was retaliated against for exercising his rights under the FMLA in that her use of FMLA leave was a motivating factor in the Defendant's decision to terminate his employment.

22. As a result of the Defendant's actions, the Plaintiff has suffered a loss of compensation, including lost wages and lost employment benefits.

23. Furthermore, as a result of the Defendant's actions, as aforesaid, the Plaintiff has expended, or will expend, attorney's fees and costs.

        THE PLAINTIFF,
        KAITLYNN TASSIE

        By: _____
        Michael J. Reilly, Esq.
        CICCHIELLO & CICCHIELLO, LLP
        364 Franklin Avenue
        Hartford, CT 06114
        Tel: (860) 296-3457
        Fax: (860) 296-0676
        Juris No.: 419987
        Email: mreilly@cicchielloesq.com

WHEREFORE, the Plaintiff prays for the following relief:

1. Monetary damages;

2. Front pay or reinstatement;

3. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1);

4. Attorneys fee and costs; and

5. Such other relief as is allowable by law.

THE PLAINTIFF,
KAITLYNN TASSIE

By: _____
Michael J. Reilly, Esq.
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.: 419987
Email: mreilly@cicchielloesq.com

| | |
|---|---|
| RETURN DATE: JANUARY 23, 2018 | SUPERIOR COURT |
| KAITLYNN TASSIE | JUDICIAL DISTRICT |
| V. | OF NEW BRITAIN |
| KINDERCARE EDUCATION, LLC | DECEMBER 14, 2017 |

## STATEMENT OF AMOUNT IN DEMAND

The Plaintiff claims the amount in demand in excess of $15,000.00 exclusive of interest and costs.

THE PLAINTIFF,
KAITLYNN TASSIE

By: _____
Michael J. Reilly, Esq.
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.: 419987
Email: mreilly@cicchielloesq.com

6

STATE OF CONNECTICUT:
: ss: HARTFORD       DECEMBER 18, 2017
COUNTY OF HARTFORD :

Then and by virtue hereof, and by direction of the Plaintiff's Attorney, I left a verified true and attested copy of the original WRIT, SUMMONS, COMPLAINT AND STATEMENT OF AMOUNT IN DEMAND, with and in the hands of MICHELE TAYLOR, CORPORATION SERVICE COMPANY, 50 WESTON STREET, REGISTERED AGENT FOR SERVICE and duly authorized to accept service for the within named defendant **KINDERCARE EDUCATION, LLC,** in the said town of HARTFORD, County of Hartford.

The within is the original WRIT, SUMMONS, COMPLAINT AND STATEMENT OF AMOUNT IN DEMAND, with my doings thereon endorsed.

| | |
|---|---|
| Verified pages | $ 7.00 |
| Endorsements | 1.60 |
| Service | 40.00 |
| Travel | 12.00 |
| Total | $60.60 |

ATTEST

KEITH NIZIANKIEWICZ
CT STATE MARSHAL
HARTFORD COUNTY

**KEITH D. NIZIANKIEWICZ**
*Connecticut State Marshal*
P.O. BOX 280054 • EAST HARTFORD, CONNECTICUT 06128-0054 • OFFICE: (860) 610-0295